Gerald A. BURKS, Appellant,

v.

James YARBROUGH, Eddie Bar, Eddie Janek, Stephen Holmes, Ken Clark, and Phil Lohec, Appellees.

Nos. 14–03–00477–CV, 14–03–00536–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 2005.

Gerald A. Burks, Galveston, pro se.

Ervin Apffel, Jr., Kenneth J. Bower, Robert V. Shattuck, Jr., Galveston, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Gerald A. Burks appeals from the denial of his motions for summary judgment and the granting of the summary judgment motions of appellees James Yarbrough, Eddie Bar, Eddie Janek, Stephen Holmes, Ken Clark, and Phil Lohec. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Burks is the former Galveston County Treasurer. While he was County Treasurer, Burks brought two mandamus proceedings, one in Galveston County District Court and the other in Galveston County Court at Law, against the Galveston County Auditor, appellee Lohec, and the Galveston County Commissioners Court, comprised of appellees Yarbrough, Bar, Janek, Holmes, and Clark. Burks primarily sought to compel the return of certain county funds, alleging the funds were expended in violation of the Local Government Code and the Texas Open Meetings Act. Burks also sought to compel the payment of fees to an attorney who represented him in his capacity as County Treasurer in a separate suit filed by the County Commissioners Court.

Burks lost his bid for re-election. As a result, while these actions were pending, the claims in his capacity as County Treasurer were dismissed and have not been appealed. Burks also alleged these same claims in his individual capacity. Both sides moved for summary judgment, and the trial courts, without specifying the basis, granted appellees' motions and denied Burks's. Burks appeals from both judgments, contending in five issues in each appeal that his motions for summary judgment, not appellees', should have been granted. As the factual background and

legal issues substantially overlap, we consider both appeals together.

## ANALYSIS

■ When both sides have moved for summary judgment and one motion is granted and one denied, we should determine all questions presented and render the judgment the trial court should have rendered. *Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 583 (Tex.2002).

### Standing

In their motions for summary judgment, appellees argued that Burks does not have standing to seek return of allegedly improperly expended county funds, either as a taxpayer or as an "interested person" under the Open Meetings Act. In his fourth issue in the district court appeal and his second issue in the county court appeal, Burks contends that appellees were not entitled to summary judgment because they did not conclusively establish his lack of standing.

■ As a general rule, taxpayers do not have a right to bring suit to contest government decisionmaking. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). Unless a statute directs otherwise, to have standing to sue, "taxpayers must show as a rule that they have suffered a particularized injury distinct from that suffered by the general public." *Id.* at 555–56. However, even without showing a particularized injury, taxpayers have standing to seek to enjoin the illegal expenditure of public funds. *Id.* at 556. "A taxpayer may maintain an action solely to challenge proposed illegal expenditures; a taxpayer may not sue to recover funds previously expended ...." *Williams v. Lara,* 52 S.W.3d 171, 180 (Tex.2001) (citing *Hoffman v. Davis,* 128 Tex. 503, 100 S.W.2d 94, 96 (1937)). Rather, such a cause of action belongs exclusively to the county commissioners court or the county treasurer if the suit involves allegations of dereliction of duty of the majority of the county commissioners. *Hoffman v. Davis,* 128 Tex. 503, 100 S.W.2d 94, 96 (1937); Op. Tex. Att'y Gen. No. WW–1227 (1961).

■ Burks does not claim to have any interest distinct from the general public, and at oral argument, Burks admitted that since he seeks the return of alleged illegally expended funds, he has no standing to sue unless it is conferred by another source. Burks contends that the Open Meetings Act provides this source of standing.[1]

---

1. For the first time in his reply briefs, Burks contends that appellees have waived their standing arguments because they amount to an attack on his capacity to sue and challenges to capacity must be specifically pleaded and verified by affidavit, which appellees did not do. *See* Tex.R. Civ. P. 93. Burks confuses capacity and standing. Standing implicates a court's subject matter jurisdiction and cannot be waived. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 662 (Tex.1996). Appellees' challenge goes to whether Burks is personally aggrieved and therefore has standing, not to whether he has the legal authority to act and therefore has the capacity to sue. *See id.* at 661. Thus, appellees' argument is one of standing and is properly before this court. Even if Burks is correct that appellees' argument really is one of capacity and not standing, Burks has waived this pleading deficiency argument by failing to raise it in the trial courts below or in this court until his reply brief. *See* Tex.R. Civ. P. 90 ("Every defect, omission or fault in a pleading ... which is not specifically pointed out by exception in writing and brought to the attention of the judge ... shall be deemed to have been waived ...."); Tex.R.App. P. 38.3 (reply briefs are to address any matter in appellee's brief); *Zamarron v. Shinko Wire Co.,* 125 S.W.3d 132, 139 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (complaint waived because not raised in initial brief).

The Open Meetings Act provides that an "interested person ... may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." Tex. Gov't Code Ann. § 551.142(a) (Vernon 2004). Appellees contend that an "interested person" under the Open Meetings Act must still demonstrate a particularized injury, relying on *City of Abilene v. Shackelford*, 572 S.W.2d 742, 745–46 (Tex.Civ. App.-Eastland 1978), *rev'd on other grounds*, 585 S.W.2d 665 (Tex.1979). The *Shackelford* court applied general standing principles and held that an "interested person" under the Open Meetings Act "must show particular injury or damage, and he must allege and show how he has been injured or damaged other than as a member of the general public." *Id.* at 746. However, *Shackelford* appears to stand alone in its analysis. Other courts directly addressing the issue have adopted an extremely broad interpretation of who constitutes an "interested person" under the Open Meetings Act. *See Matagorda County Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 102 (Tex.App.-Corpus Christi 2001, no pet.) (following the majority of courts that have broadly interpreted the phrase "interested person" under the Open Meetings Act); *Rivera v. City of Laredo*, 948 S.W.2d 787, 791–92 (Tex.App.-San Antonio 1997, writ denied) (adopting broad interpretation of "interested person"); *Save Our Springs Alliance, Inc. v. Lowry*, 934 S.W.2d 161, 163 (Tex.App.-Austin 1996, no writ) (noting that the standing conferred by the Open Meetings Act is broader than taxpayer standing and rejecting a requirement that a citizen prove an interest different from the general public); *City of Fort Worth v. Groves*, 746 S.W.2d 907, 913 (Tex.App.-Fort Worth 1988, no writ) (finding that "affected taxpayer and citizen" had standing under the Open

Meetings Act); *Cameron County Good Gov't League v. Ramon*, 619 S.W.2d 224, 230 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.) ("It is difficult to see how the Legislature could broaden the class of 'any interested person.' ").

The Texas Supreme Court has held that the intended beneficiaries of the Open Meetings Act are "members of the interested public." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex.1991). Requiring an individual to show injury or damage other than as a member of the general public is inconsistent with this principle. We therefore join the majority of courts that have addressed this issue and interpret the Open Meetings Act broadly to confer standing on any member of the interested public. Accordingly, we find Burks has standing to pursue alleged violations of the Open Meetings Act.

Appellees argue that because a suit to recover money allegedly owed to a county belongs exclusively to the county commissioners court and county treasurer, even if Burks is an "interested person" under the Open Meetings Act, he still has no standing to sue. We disagree. Appellees cite no authority, and analogous authority is inconsistent with this position. The San Antonio court addressed a similar issue when discussing a claim that the Laredo City Council selected a police chief in violation of the Open Meetings Act. *Rivera*, 948 S.W.2d at 789. The court noted that a quo warranto proceeding is traditionally the exclusive remedy to challenge a person's right to hold public office. *Id.* at 790. However, given the broad language of and important policy underlying the provision allowing any "interested person" to bring an action under the Open Meetings Act, the court concluded that "the only situation in which a public official's office can be challenged in an action

other than a quo warranto proceeding is where a violation of the Open Meetings Act is asserted." *Id.* at 791; *accord City of San Antonio v. Hardee,* 70 S.W.3d 207, 212–13 (Tex.App.-San Antonio 2001, no pet.). We similarly conclude that the only situation in which someone other than the county commissioners court or county treasurer can seek to compel the return of public funds is where it is asserted that those funds were expended in a meeting in violation of the Open Meetings Act.

■ We sustain district court appeal issue four and county court appeal issue two to the extent Burks seeks standing under the Open Meetings Act and overrule these issues to the extent Burks seeks standing as a taxpayer. Because we conclude that Burks has standing to seek return of public funds only if those funds were expended pursuant to a meeting that violates the Open Meetings Act, the remainder of our analysis focuses only on the alleged Open Meetings Act violations and not any violation of the Local Government Code.[2]

### Insurance Funds

Instead of Social Security, Galveston County employees participate in the Galveston County Disability, Retirement and Survivorship Benefits Program. Under that program, two companies provided life insurance. When these companies changed from mutual companies to stock companies in 1999, Galveston County withdrew its funds because it could not lawfully own stock. In a series of open, duly noticed meetings in 1999 and 2000, the Commissioners Court decided how to handle this money. When the money was received, it was dealt with according to the decisions made in those meetings.

In his first issue in the district court appeal, Burks claims that appellees were not entitled to summary judgment because they did not conclusively establish that this handling of the funds was not a violation of the Open Meetings Act. Burks seeks return of the funds, claiming appellees violated the Open Meetings Act by not posting notice of receipt of the money.

■ The Open Meetings Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). The Act does not address the substance of government decisionmaking. Rather, the "core purposes" of the Act "are to enable public access to and to increase public knowledge of government decisionmaking." *City of San Antonio,* 820 S.W.2d at 765.

---

**2.** When Burks was still County Treasurer, the Commissioners Court sued Burks to compel him to pay County bills. With the Commissioners Court's consent, Burks hired an attorney to represent him in his official capacity. The County paid some but not all of the attorney's bills. Burks seeks to compel payment of these fees. In the third issue of the district court appeal, Burks characterizes the failure to pay the attorney's fees as a violation of the Open Meetings Act and the Local Government Code. Assuming failure to pay a bill violates the Local Government Code, Burks has no standing to bring such a claim. It is the attorney, not Burks, who is aggrieved by the failure to pay. Because Burks contracted with the attorney in his official capacity, he is not individually liable for the fees. Burks has no interest in this matter distinct from the general public, and therefore he has no standing. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 555–56. Furthermore, the Open Meetings Act does not provide a basis for standing on this claim. Although Burks characterizes this as an Open Meetings Act claim in the wording of his issue, he provides no explanation, analysis, or authority as to why a refusal to pay a bill implicates the Open Meetings Act. Therefore, because of inadequate briefing, he has waived this argument. *See* TEX.R.APP. P. 38.1(h); *Melendez v. Exxon Corp.,* 998 S.W.2d 266, 280 (Tex.App.-Houston [14th Dist.] 1999, no pet.). We overrule district court appeal issue three.

■ Burks does not claim that the funds were handled in any way other than according to what was decided at the meetings in 1999 and 2000. He may disagree with the substance of what was decided at those meetings, but that does not give rise to an Open Meetings Act violation. *See id.* Further, nothing in the Act requires that mere receipt of money must be noticed before that money can be dispersed according to decisions made at open, properly noticed meetings. We overrule district court appeal issue one.

## Payments to Pauls

■ In August 1999, Louis Pauls & Co. ("Pauls") entered into a contract with Galveston County, and Pauls was paid for its services in April 2001. Both the signing of the contract and the payment for services were approved at open, duly noticed meetings, and Burks does not dispute this. However, he claims that when the County Commissioners and Pauls discussed business during a trip to New York in February 2001, those discussions amounted to a closed meeting. According to Burks in his second issue in the district court appeal and his fifth issue in the county court appeal,[3] this closed meeting essentially taints the entire relationship, and therefore the subsequent payments to Pauls for services rendered and reimbursement for travel expenses, which were authorized at duly noticed meetings, were illegal.

■ The Open Meetings Act provides that "[a]n action taken by a governmental body in violation of this chapter is voidable." TEX. GOV'T CODE ANN. § 551.141 (Vernon 2004). Burks does not allege that any payments to Pauls were approved at this

meeting in New York. The Act provides a basis for voiding "specific acts which violate the Open Meetings Act." *Point Isabel Indep. Sch. Dist. v. Hinojosa,* 797 S.W.2d 176, 182 (Tex.App.-Corpus Christi 1990, writ denied). It does not render any subsequent decision made based on deliberations at a closed meeting voidable. *Hill v. Palestine Indep. Sch. Dist.,* 113 S.W.3d 14, 17 (Tex.App.-Tyler 2000, pet. denied). Because Burks does not complain of any action taken at the meeting in New York, he has no basis on which to seek to void the payments to Pauls. We overrule district court appeal issue two and county court appeal issue five to the extent Burks argues that reimbursement of the travel expenses was made in violation of the Open Meetings Act.

## Settlement Payment

On July 31, 2000, at a properly noticed meeting, the Commissioners Court approved paying a former employee to settle potential claims arising from the termination of his employment. The Commissioners Court processed the settlement as a claim and approved the payment at a second properly noticed meeting three weeks later. The settlement check was mistakenly prepared as a payroll check, and when the mistake was caught, a new check was prepared and approved at a third meeting on August 28, 2000. Because Burks expressed concerns about how the checks were prepared, the Commissioners Court reconsidered the matter and approved the payment at a fourth properly noticed meeting on September 11, 2000.

3. In issue five in the county court appeal, Burks generally asserts that his motion for summary judgment should have been granted, which we read to fairly include the arguments he briefs elsewhere on separate issues regarding whether appellees violated the Open Meetings Act with respect to reimbursement of travel expenses, making a settlement payment, or paying for website development services.

■ Burks complains that the action taken on August 24, 2000 of signing the new settlement check that was to be presented for approval at the August 28 meeting was somehow illegal because August 24, 2000 was not a lawful meeting of the County Commissioners Court. Even assuming the Commissioners Court somehow held an unlawful meeting by signing the new check, any impropriety was corrected when the Commissioners Court, at Burks's request, subsequently reconsidered the issue and again approved payment. *See Markowski v. City of Marlin,* 940 S.W.2d 720, 726 (Tex.App.-Waco 1997, pet. denied) ("Action undertaken at an invalid meeting can be ratified at a later valid meeting as long as there is no retroactive effect."); *Fielding v. Anderson,* 911 S.W.2d 858, 864–65 (Tex.App.-Eastland 1995, writ denied) (holding that a governmental body can reconsider an issue previously decided at a meeting not properly noticed because otherwise "once a governmental body has done a void act, the situation could never be corrected"). We overrule county court appeal issue five to the extent Burks argues that the settlement payment was made in violation of the Open Meetings Act.

### Payment for Website

At an open meeting on October 8, 2001, the Commissioners Court approved payment to a website development company for work performed on Commissioner Clark's official website. Burks complains that in the two earlier meetings authorizing the work from the company, the funds were improperly budgeted. Thus, according to Burks, the Commissioners Court could not approve payment on October 8, 2001 without first posting notice that the prior budgeting was improper. At oral argument, Burks clarified his argument to be that the Commissioners Court must post a notice that it intends to conduct an illegal act to comply with the notice requirements of the Open Meetings Act.

■ The Open Meetings Act requires that "[a] governmental body shall give written notice of the date, hour, place, and subject of each meeting to be held by the governmental body." Tex. Gov't Code Ann. § 551.041 (Vernon 2004). If the facts of the content of a notice are undisputed, the adequacy of the notice is a question of law. *Friends of Canyon Lake, Inc. v. Guadalupe–Blanco River Auth.,* 96 S.W.3d 519, 529 (Tex.App.-Austin 2002, pet. denied). A notice need not provide exacting detail of all issues to be decided. "As long as a reader is alerted to the topic for consideration, it is not necessary to state all of the consequences which may flow from consideration of the topic." *Cox Enters., Inc. v. Bd. of Trustees,* 706 S.W.2d 956, 958 (Tex.1986). Even if a notice is not as clear as it could be, it is adequate as long as it is sufficiently descriptive to alert a reader that a particular subject will be addressed. *Friends of Canyon Lake,* 96 S.W.3d at 531.

■ Nothing in the Open Meetings Act requires that a governmental body include in its notice that it intends to violate some provision of law. As a general matter, such detail is not required under the Act. Further, to require such a notice would bootstrap every allegedly illegal act into a violation of the Open Meetings Act, thereby circumventing the carefully crafted scheme limiting the manner in which taxpayers and other citizens can challenge the actions of governmental bodies. *See Williams,* 52 S.W.3d at 180; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555–56. We overrule county court appeal issue five to the extent Burks argues that payment for the website development was made in violation of the Open Meetings Act.

## CONCLUSION

Given our disposition of these issues, we need not address Burks's remaining issues.[4] We affirm the trial courts' judgments.

---

**4.** In district court appeal issue five and county court appeal issues three and four, Burks addresses separate defenses appellee Lohec raised. In county court appeal issue one, Burks addresses appellees' official immunity defense.