Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed
and Memorandum Opinion filed January 17, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01087-CV

____________

 

SUSAN M.
ALEXANDER, Appellant/Cross-Appellee

 

V.

 

CITIBANK
(SOUTH DAKOTA), N.A., Appellee/Cross-Appellant

_________________________________________________________________

 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 803,080

_________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

This is a dispute between
appellant/cross-appellee Susan M. Alexander and appellee/cross-appellant
Citibank (South Dakota), N.A., involving unpaid charges on a credit card issued
to Alexander.  The trial court ordered
Alexander to pay Citibank for some but not all of the disputed charges.  Both parties appealed.  We affirm.








Citibank issued a credit card to
Alexander in 2001.  All bills were paid
properly until 2002, when Alexander=s husband
stopped paying because he believed the bills were too high. Citibank then
brought suit to recover $26,885.20 in unpaid charges.  At trial, Alexander denied making any of the
disputed charges.  Citibank claimed
Alexander permitted her husband and daughter, who has the same first and last
name as her mother, to use her card. 
Alexander=s
husband, who is an attorney, admitted he sometimes used the card for
work-related expenses, and one of the unpaid charges was a payment to the State
Bar of Texas.  Alexander=s
daughter attended Southern Methodist University, and two of the disputed
charges were for payments to that school.

The trial court concluded that
because the charges to the State Bar of Texas and Southern Methodist University
were clearly attributable to Alexander and her family, Citibank should recover
for those under an unjust enrichment theory, which Citibank had pleaded
alternatively.  As to the remaining
charges, the trial court ruled that Citibank had not met its burden of proving
that Alexander made or authorized those charges, and thus it ruled against
Citibank as to those charges.

In her appellate brief, Alexander
purports to raise two issues on appeal. 
She asserts that some of Citibank=s
evidence was hearsay and that the trial court Aerred in
understanding to render judgment on >debt= or >quantum
meruit=
unasserted in the trial and unproven.@  However, Alexander fails to make any coherent
arguments and cites no authority other than rules of evidence.  Thus, Alexander has waived her two issues
because of inadequate briefing.  See
Tex. R. App. P. 38.1; Burks v.
Yarbrough, 157 S.W.3d 876, 881 n.2 (Tex. App.CHouston [14th
Dist.] 2005 [mand. denied]).








In its sole issue on appeal,
Citibank asserts that the evidence is factually insufficient to support the
trial court=s award.  In reviewing factual sufficiency, we examine
the entire record, considering both the evidence in favor of, and contrary to,
the challenged findings.  See Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
After considering and weighing all the evidence, we set aside a fact
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  See
Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  We will not substitute our judgment for that
of the trial court merely because we might reach a different conclusion.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998).

Citibank emphasizes that the
trial court Agranted only scattered bits and
pieces of the amount prayed for [when] . . . Plaintiff presented conclusive
evidence of the entire debt.@  Citibank=s
evidence consisted of the credit card application, cardholder agreement,
account statements, and copies of payments made.  However, this evidence is not
conclusive.  Alexander denied either
making or authorizing the charges, and the trial court determined Citibank had
not met its burden of proving the contrary. 
The trial court also concluded that because the charges to the State Bar
of Texas and Southern Methodist University directly benefited Alexander and her
family, she should repay Citibank under an unjust enrichment theory, despite the
lack of proof that she authorized the charges. 
This conclusion is reasonable and not against the great weight and
preponderance of the evidence. 
Accordingly, we overrule Citibank=s sole
issue.

Having overruled all issues
presented by the parties on appeal, we affirm the trial court=s
judgment.

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed January 17, 2006.

Panel consists of Chief Justice Hedges and Justices Anderson and Frost.