Affirmed and Majority and Concurring and Dissenting Opinions filed
August 30, 2007








 

Affirmed and Majority and Concurring and Dissenting Opinions
filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

___________

 

NO. 14-06-00294-CV

____________

 

CHRIS MALLIOS, Appellant

 

V.

 

STANDARD INSURANCE COMPANY, FIRST
FINANCIAL BENEFITS, INC., NULL LAIRSON, P.C., JIM YARBROUGH, EDDIE BARR, EDDIE
JANEK, STEPHEN HOLMES, KEN CLARK, AND PHILLIP LOHEC, Appellees

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 04CV1063

 



 

M A J O R I T Y   O P I N I O N

Appellant Chris Mallios appeals the trial court=s grant of summary
judgments in favor of appellees, contending that various appellees (1) failed
to establish as a matter of law the affirmative defenses of limitations, res
judicata, and collateral estoppel, (2) provided insufficient affidavits in
support of no-evidence motions for summary judgment, and (3) failed to establish
official immunity.  Mallios also contends the trial court erred in denying his
motion for summary judgment.  We affirm.








Factual
and Procedural Background

Our recitation of the factual background of the case is
somewhat limited, because Mallios=s record on appeal
does not include (1) the appellees= motions for
summary judgment and the supporting evidence, (2) Mallios=s responses to the
motions for summary judgment and any supporting evidence, or (3) any motion for
summary judgment filed by Mallios.[1] 
However, we draw the following from Mallios=s pleadings.

Mallios filed suit against Standard Insurance Company (AStandard@), First Financial
Benefits, Inc. (AFirst Financial@), Null Lairson,
P.C. (ALairson@), members of the
Galveston County Commissioner=s Court Jim Yarbrough, Eddie Barr, Eddie
Janek, Stephen Holmes, and Ken Clark (collectively, AMembers@), and Phillip
Lohec (ALohec@), on behalf of
himself and as a class representative, for alleged wrongdoing in connection with
the group life insurance provided to Galveston County employees.  In his
petition, Mallios claimed that premium payments for the employees= term life
insurance coverage were wrongly used to purchase a Amembership
interest@ with the right to
vote in Standard.  Then, in 1999, Standard conveyed that interest back to the
County for approximately $2.4 million, and the County allegedly used the money
to pay a county liability instead of distributing it to the employees= retirement
annuity accounts.  Mallios claimed violations of Texas Insurance Code articles
3.50 and 21.21, violations of the Deceptive Trade PracticesCConsumer
Protection Act, and conspiracy.  








Each of the defendants answered and asserted various
defenses.  Relevant here, Standard asserted numerous affirmative defenses,
including the applicable statute of limitations, collateral estoppel, and res
judicata, Mallios=s lack of standing as a consumer, and
defenses specific to Mallios=s alleged Insurance Code violations.  First
Financial=s answer raised similar defenses, including the
affirmative defenses of the statute of limitations, res judicata, and
collateral estoppel.  Lairson asserted several affirmative defenses, including
the statute of limitations, and also sought special exceptions, which were
denied.  Members asserted, among other things, official immunity from suit, the
applicable statute of limitations, res judicata, and collateral estoppel. 
Lohec also asserted official immunity, the statute of limitations, and other
defenses.[2] 


Standard, First Financial, Lairson, the Members, and Lohec
all moved for summary judgment, which the trial court granted.  Mallios moved
for reconsideration, but the trial court denied the motion.  This appeal
followed.

I.        Analysis
of Mallios=s Appeal

On appeal, Mallios contends the trial court erred in
granting appellees= motions for summary judgment, denying his
motion for summary judgment.  Mallios=s complaints are
presented in four categories.  In the first category, Mallios contends the
appellees failed to establish as a matter of law the affirmative defenses of
limitations, res judicata, and collateral estoppel.  In the second category,
Mallios contends that affidavits supporting Lairson=s and First
Financial=s no-evidence motions for summary judgment were
nonspecific, conclusory, and contained admissions that supported Mallios=s claims.  In the
third category, Mallios contends that Lohec failed to produce any summary
judgment evidence to support his claim of official immunity.  Finally, Mallios
contends the trial court erred in denying his motion for summary judgment
because, although the Members answered Mallios=s original
petition and filed amended answers to the original petition, their amended
answers did not deny the allegations in Mallios=s amended
petition.  Consequently, Mallios contends, the Members admitted all the
essential elements of his claims and he was therefore entitled to summary
judgment against Members.








In response, all of the appellees contend that the trial
court=s judgment must be
affirmed because Mallios did not provide this Court with a complete record on
appeal, and therefore we must presume the omitted documents support the trial
court=s orders granting
summary judgment. 

A.      Mallios=s Record on Appeal

1.       The
Record Before Us

The clerk=s record contains Mallios=s amended original
petition, answers of each of the appellees, Null Lairson=s special
exceptions and the order denying them, five separate orders granting the
motions for summary judgment of Standard, First Financial, Lairson, the
Members, and Lohec,[3]
Mallios=s motion to
reconsider appellees= motions for summary judgment with exhibits,
the order denying Mallios=s motion to reconsider, Mallios=s notice of
appeal, Mallios=s designation of the record, and a few
other documents not relevant here. 

Significantly, although Mallios=s designation of
the record lists eighteen requested documents, Mallios did not request any of
the summary judgment motions he challenges on appeal, nor did he request his
responses to the motions or any supporting evidence.  And, even though Mallios
contends on appeal that the trial court erred in not granting his motion for
summary judgment, he did not request this document be included in the record,
either.

2.       The
Parties= Arguments Concerning the Record








As noted above, each of the appellees argue that, because
Mallios brought forward an incomplete and inadequate record, he cannot prevail
on appeal because we must presume the omitted documents support the trial court=s grants of
summary judgment.[4] 
Appellees contend this outcome is mandated by Enterprise Leasing Co. v.
Barrios, 156 S.W.3d 547, 549B50 (Tex. 2004)
(per curiam), in which our Supreme Court affirmed a partial summary judgment on
liability in favor of Enterprise in part because Barrios failed to provide the
appellate court with a complete record to review.  The Supreme Court explained
that, A[a]lthough
Enterprise bears the burden to prove its summary judgment as a matter of law,
on appeal Barrios bears the burden to bring forward the record of the summary
judgment evidence to provide appellate courts with a basis to review his claim
of harmful error.@  Id. at 549 (citing DeSantis v.
Wackenhut Corp., 793 S.W.2d 670, 689 (Tex. 1990); Escontrias v. Apodaca,
629 S.W.2d 697, 699 (Tex. 1982)).  The Court then instructed that A[i]f the pertinent
summary judgment evidence considered by the trial court is not included in the
appellate record, an appellate court must presume that the omitted evidence
supports the trial court=s judgment.@  Id. at
550 (citing DeSantis, 793 S.W.2d at 689).  Applying this instruction,
the Court thus presumed Barrios=s answers to requests for admissions,
which Enterprise relied on in part to support its motion, but which Barrios did
not include in the appellate record, supported the trial court=s partial summary
judgment in favor of Enterprise.  Id.

In his reply brief responding to the appellees= assertion that Enterprise
is fatal to Mallios=s appeal, Mallios first argues that his
record is sufficient because Texas Rules of Appellate Procedure 34.1 and 34.5
specify the contents of an appellate record, and motions for summary judgment
and attached appendices or exhibits are not mentioned in the rules.  Mallios
also claims that Enterprise does not hold that the Aactual motions for
summary judgment@ and attached appendices or exhibits must
be included in the record; it only requires that an appellate record contain
the Apertinent summary
judgment evidence considered by the trial judge.@  Mallios contends
the appellate record he presented contains all the pertinent summary judgment
evidence required. 








Additionally, Mallios objects to portions of the appellees= briefing.  The
appellees, in addition to complaining about the insufficiency of the appellate
record, raise several substantive arguments to Mallios=s appeal.  The
appellees contend, among other things, that Mallios failed to appeal all the
grounds raised in support of their summary judgments.  To support their
contention, appellees include with their briefing appendices containing copies
of their motions for summary judgment and other documents they assert are
relevant to their arguments on the merits of the trial court=s grants of
summary judgment in their favor.[5] 
Mallios objects to the appendices containing motions for summary judgment and
other documents as being outside of the appellate record, citing Davis v.
Huey, 571 S.W.2d 859, 862 n.2 (Tex. 1978). 

B.      Our
Resolution of the Parties= Arguments

Enterprise does not support Mallios=s conclusion that only
the Apertinent evidence@Cnot the motion for
summary judgment or its attachmentsCis needed in the
appellate record.[6] 
If anything, Enterprise illustrates how important it is for an appellant
challenging a grant of summary judgment to include the complete summary
judgment record considered by the trial court in ruling on the motion for
summary judgment; otherwise, the appellate court may apply the presumption that
the omitted documents support the trial court=s judgment and
affirm the grant of summary judgment on that basis.  See 156 S.W.3d at 549B50; see also
Aguirre v. Vasquez, 225 S.W.3d 744, 752 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  Further, Enterprise places the burden squarely
on the party challenging the grant of summary judgment to ensure that all
documents needed for this court to fully review the correctness of the summary
judgment are in the record.  See Enterprise, 156 S.W.3d at 549. 








We also reject Mallios=s argument that he
need not include the motions for summary judgment and exhibits in the appellate
record because the Rules of Appellate Procedure do not require them to be
included.  Rule 34.1 does not aid Mallios because it merely provides that A[t]he appellate
record consists of the clerk=s record and, if necessary to the appeal,
the reporter=s record,@ and specifies
that there should only be one appellate record in a case.  See Tex. R. App. P. 34.1.  Rule 34.5, which
lists the documents the trial court clerk must include in the clerk=s record in the
absence of a party=s designation, does not specifically
include motions for summary judgment.  See Tex. R. App. P. 34.5(a); see also Tex. R. App. P. 35.3(a) (stating that
it is the trial court clerk=s responsibility to prepare, certify, and
timely file the clerk=s record).  But, Rule 34.5 does not limit
a party to those documents; rather, it permits any party to designate additional
items to be included in the record.  See Tex. R. App. P. 34.5(b).  Thus, although the trial court
clerk is required to include at least the documents listed in Rule 34.5, per Enterprise,
if a party wishes to successfully appeal a grant of summary judgment, he must
include more than those documents the court clerk is required to includeChe must include
all Apertinent@ documents the
trial court considered in granting the motion.  Otherwise, on appeal, the
appellant would be unable to demonstrate that a genuine issue of material fact
existed that precluded summary judgment in favor of the movant.

Based on the record before us, not only are we unable to
review the evidence the appellees presented in support of their motions for
summary judgment, but because we do not have the motions, we do not know what
arguments appellees made that the evidence was intended to support.  We do not
know if the motions were traditional or no-evidence motions, so that we may
review them appropriately.  We do not have Mallios=s responses to the
motions for summary judgment (if any), so we cannot determine whether Mallios
presented evidence that would have demonstrated that appellees were not
entitled to summary judgments in their favor.  We do not have Mallios=s motion for
summary judgment.  We also cannot discern whether any party is attempting to
raise on appeal an issue not expressly presented to the trial court.  See
Tex. R. Civ. P. 166a(c) (AIssues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.@).  Finally, we
cannot determine whether appellees correctly contend that Mallios did not
address all possible grounds for summary judgment in this appeal.








This is not a case in which the appellant mistakenly failed
to designate a document or did not immediately realize an important document
was missing from the record.  Mallios designated a record that omitted all of
the summary judgment briefing and attached evidence.  He has continued to take
the position the documents were unnecessary even after all of the appellees
argued in their responsive briefs that the omissions were fatal to his appeal. 
Mallios has not made any request to supplement the record. 

Based on the state of the record before us, we overrule all
of Mallios=s issues and affirm the trial court=s judgment.

II.       Appellees= Requests for
Sanctions

Appellees contend that Mallios should be subject to
sanctions for bringing a frivolous appeal.  See Tex. R. App. P. 45.  However, the fact that Mallios did not
file a sufficient record for us to address his issues does not, alone, render
his appeal frivolous.  See Sam Houston Hotel, L.P. v. Mockingbird
Restaurant, Inc., 191 S.W.3d 720, 721 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  We note that Mallios=s brief contains
issues presented, record references, and legal authorities.  Further, he filed
a reply brief in response to appellees= briefs that
included requests for sanctions.  We decline to impose sanctions against
Mallios.

III.      Conclusion

We affirm the trial court=s judgment. 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

Judgment rendered
and Majority Opinion and Concurring and Dissenting Opinion filed August 30,
2007. 

Panel consists of
Justices Anderson, Frost, and Senior Justice Mirabal.[7] 
(Mirabal, J. Majority; Frost, J. Concurring and Dissenting).









[1]  The record does include Mallios=s AMotion to Reconsider Grants of
Defendants= Motions for summary Judgment@ with exhibits.  The exhibits
purport to include affidavits filed in support of some of the motions for
summary judgment. 





[2]  On appeal, appellees contend their affirmative
defenses of res judicata and collateral estoppel are supported by a previous
lawsuit filed by Mallios=s lawyer, Gerald Burks against the Members and Lohec. 
Mr. Burks sued in his capacity as Galveston County Treasurer and later, when he
lost re-election, as an individual, in part complaining of the Commissioners
Court=s handling of the insurance money it received.  See
Burks v. Yarbrough, 157 S.W.3d 876, 881B82
(Tex. App.CHouston [14th Dist.] 2005, no pet.).  This Court
affirmed the summary judgments granted in favor of the appellees.  See id. at
884.





[3]  The trial court=s orders granting summary judgment
did not specify the grounds on which summary judgment was granted. 





[4]  Standard contends that its motions and supporting
evidence exceed 500 pages.  Similarly, First Financial contends it filed
approximately 550 pages of evidence and numerous affidavits.  Lairson states
that it filed affidavits and hundreds of pages of evidence supporting its
motion for summary judgment.





[5]  Additionally, Lairson=s appendix includes amended and supplemental answers he contends were
filed after the answer Mallios included in the record on appeal.  





[6]  Moreover, courts, including this one, have held that
when an appellant contends the trial court erred in granting summary judgment,
the complete summary judgment record, including the motion for summary
judgment, must be included in the appellate record to overcome the presumption
that the omitted evidence supports the trial court=s judgment when the appellee objects to the omission. 
See Atchison v. Weingarten Realty Mgmt., 916 S.W.2d 74, 76B77 (Tex. App.CHouston
[1st Dist.] 1996, no pet.); Chapman v. City of Houston, 839 S.W.2d 95,
100B101 (Tex. App.CHouston
[14th Dist.] 1992, writ denied).





[7]  Senior Justice Margaret G. Mirabal sitting by
assignment.