

NUMBER 13-19-00118-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE THE PORT OF CORPUS CHRISTI, L.P.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria[1]**

Relator, The Port of Corpus Christi, L.P. (TPCC), filed a petition for writ of mandamus in the foregoing cause through which it contends the trial court abused its discretion by denying TPCC's motion for a temporary restraining order against real parties in interest, The Port of Corpus Christi Authority of Nueces County, Texas (Authority) and Sean Strawbridge, in his official capacity as Chief Executive Officer of the Authority, for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

alleged violations of the Texas Open Meetings Act. *See generally* TEX. GOV'T CODE ANN. § 551.001-.146 (West, Westlaw through 2017 1st C.S.). This Court granted temporary relief and requested that the real parties in interest, the Authority and Strawbridge, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.10. The Authority and Strawbridge have now filed their response to the petition, and TPCC has filed a reply to their response.

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply and the applicable law, concludes that TPCC has not met either requirement for obtaining mandamus relief. First, TPCC has not shown that the trial court abused its discretion. *See, e.g., Cox Enters., Inc. v. Bd. of Trustees of the Austin Indep. School Dist.*, 706 S.W.2d 956, 958–60 (Tex. 1986); *Terrell v. Pampa Indep. Sch. Dist.*, No. 07-17-00189-CV, 2019 WL 150884, at *2–3, __ SW.3d __, __ (Tex. App.—Amarillo Jan. 9, 2019, no pet. h.); *City of Laredo v. Escamilla*, 219 S.W.3d 14, 19 (Tex. App.—San Antonio 2006, pet. denied); *Burks v. Yarbrough*, 157 S.W.3d 876, 883 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Second, TPCC has not shown that it lacks an

adequate remedy by appeal. *See* TEX. GOV'T CODE ANN. § 551.141 (West, Westlaw through 2017 1st C.S.). Accordingly, we lift the stay previously imposed in this case and we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed the
25th day of March, 2019.