Chris MALLIOS, Appellant

v.

STANDARD INSURANCE COMPANY, First Financial Benefits, Inc., Null Lairson, P.C., Jim Yarbrough, Eddie Barr, Eddie Janek, Stephen Holmes, Ken Clark, and Phillip Lohec, Appellees.

No. 14–06–00294–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 30, 2007.

Rehearing Overruled Oct. 11, 2007.

Gerald Burks, Galveston, for appellants.

Charles B. Holm, Richard M. Forrest, William C. Nantz, Houston, Ervin A. Apffel, Robert V. Shattuck, Jr., Galveston, Jill B. Davenport, Dallas, for appellees.

Panel consists of Justices ANDERSON, FROST, and Senior Justice MIRABAL.*

---

\* Senior Justice Margaret G. Mirabal sitting by assignment.

1. The record does include Mallios's "Motion to Reconsider Grants of Defendants' Motions

## MAJORITY OPINION

MARGARET GARNER MIRABAL, Senior Justice.

Appellant Chris Mallios appeals the trial court's grant of summary judgments in favor of appellees, contending that various appellees (1) failed to establish as a matter of law the affirmative defenses of limitations, res judicata, and collateral estoppel, (2) provided insufficient affidavits in support of no-evidence motions for summary judgment, and (3) failed to establish official immunity. Mallios also contends the trial court erred in denying his motion for summary judgment. We affirm.

### Factual and Procedural Background

Our recitation of the factual background of the case is somewhat limited, because Mallios's record on appeal does not include (1) the appellees' motions for summary judgment and the supporting evidence, (2) Mallios's responses to the motions for summary judgment and any supporting evidence, or (3) any motion for summary judgment filed by Mallios.[1] However, we draw the following from Mallios's pleadings.

Mallios filed suit against Standard Insurance Company ("Standard"), First Financial Benefits, Inc. ("First Financial"), Null Lairson, P.C. ("Lairson"), members of the Galveston County Commissioner's Court Jim Yarbrough, Eddie Barr, Eddie Janek, Stephen Holmes, and Ken Clark (collectively, "Members"), and Phillip Lohec ("Lohec"), on behalf of himself and as a class representative, for alleged wrongdoing in connection with the group life insurance provided to Galveston County employees. In his petition, Mallios claimed that premium payments for the employees'

for summary Judgment" with exhibits. The exhibits purport to include affidavits filed in support of some of the motions for summary judgment.

term life insurance coverage were wrongly used to purchase a "membership interest" with the right to vote in Standard. Then, in 1999, Standard conveyed that interest back to the County for approximately $2.4 million, and the County allegedly used the money to pay a county liability instead of distributing it to the employees' retirement annuity accounts. Mallios claimed violations of Texas Insurance Code articles 3.50 and 21.21, violations of the Deceptive Trade Practices—Consumer Protection Act, and conspiracy.

Each of the defendants answered and asserted various defenses. Relevant here, Standard asserted numerous affirmative defenses, including the applicable statute of limitations, collateral estoppel, and res judicata, Mallios's lack of standing as a consumer, and defenses specific to Mallios's alleged Insurance Code violations. First Financial's answer raised similar defenses, including the affirmative defenses of the statute of limitations, res judicata, and collateral estoppel. Lairson asserted several affirmative defenses, including the statute of limitations, and also sought special exceptions, which were denied. Members asserted, among other things, official immunity from suit, the applicable statute of limitations, res judicata, and collateral estoppel. Lohec also asserted official immunity, the statute of limitations, and other defenses.[2]

Standard, First Financial, Lairson, the Members, and Lohec all moved for summary judgment, which the trial court granted. Mallios moved for reconsideration, but the trial court denied the motion. This appeal followed.

## I. Analysis of Mallios's Appeal

On appeal, Mallios contends the trial court erred in granting appellees' motions for summary judgment, denying his motion for summary judgment. Mallios's complaints are presented in four categories. In the first category, Mallios contends the appellees failed to establish as a matter of law the affirmative defenses of limitations, res judicata, and collateral estoppel. In the second category, Mallios contends that affidavits supporting Lairson's and First Financial's no-evidence motions for summary judgment were nonspecific, conclusory, and contained admissions that supported Mallios's claims. In the third category, Mallios contends that Lohec failed to produce any summary judgment evidence to support his claim of official immunity. Finally, Mallios contends the trial court erred in denying his motion for summary judgment because, although the Members answered Mallios's original petition and filed amended answers to the original petition, their amended answers did not deny the allegations in Mallios's amended petition. Consequently, Mallios contends, the Members admitted all the essential elements of his claims and he was therefore entitled to summary judgment against Members.

In response, all of the appellees contend that the trial court's judgment must be affirmed because Mallios did not provide this Court with a complete record on appeal, and therefore we must presume the omitted documents support the trial court's orders granting summary judgment.

2.  On appeal, appellees contend their affirmative defenses of res judicata and collateral estoppel are supported by a previous lawsuit filed by Mallios's lawyer, Gerald Burks against the Members and Lohec. Mr. Burks sued in his capacity as Galveston County Treasurer and later, when he lost re-election, as an individual, in part complaining of the Commissioners Court's handling of the insurance money it received. *See Burks v. Yarbrough*, 157 S.W.3d 876, 881–82 (Tex.App.-Houston [14th Dist.] 2005, no pet.). This Court affirmed the summary judgments granted in favor of the appellees. *See id.* at 884.

## A. Mallios's Record on Appeal

### 1. *The Record Before Us*

The clerk's record contains Mallios's amended original petition, answers of each of the appellees, Null Lairson's special exceptions and the order denying them, five separate orders granting the motions for summary judgment of Standard, First Financial, Lairson, the Members, and Lohec,[3] Mallios's motion to reconsider appellees' motions for summary judgment with exhibits, the order denying Mallios's motion to reconsider, Mallios's notice of appeal, Mallios's designation of the record, and a few other documents not relevant here.

Significantly, although Mallios's designation of the record lists eighteen requested documents, Mallios did not request any of the summary judgment motions he challenges on appeal, nor did he request his responses to the motions or any supporting evidence. And, even though Mallios contends on appeal that the trial court erred in not granting his motion for summary judgment, he did not request this document be included in the record, either.

### 2. *The Parties' Arguments Concerning the Record*

As noted above, each of the appellees argue that, because Mallios brought forward an incomplete and inadequate record, he cannot prevail on appeal because we must presume the omitted documents support the trial court's grants of summary judgment.[4] Appellees contend this outcome is mandated by *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549–50 (Tex.2004) (per curiam), in which our Supreme Court affirmed a partial summary judgment on liability in favor of Enterprise

in part because Barrios failed to provide the appellate court with a complete record to review. The Supreme Court explained that, "[a]lthough Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error." *Id.* at 549 (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex.1990); *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex.1982)). The Court then instructed that "[i]f the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* at 550 (citing *DeSantis*, 793 S.W.2d at 689). Applying this instruction, the Court thus presumed Barrios's answers to requests for admissions, which Enterprise relied on in part to support its motion, but which Barrios did not include in the appellate record, supported the trial court's partial summary judgment in favor of Enterprise. *Id.*

In his reply brief responding to the appellees' assertion that *Enterprise* is fatal to Mallios's appeal, Mallios first argues that his record is sufficient because Texas Rules of Appellate Procedure 34.1 and 34.5 specify the contents of an appellate record, and motions for summary judgment and attached appendices or exhibits are not mentioned in the rules. Mallios also claims that *Enterprise* does not hold that the "actual motions for summary judgment" and attached appendices or exhibits must be included in the record; it only

---

**3.** The trial court's orders granting summary judgment did not specify the grounds on which summary judgment was granted.

**4.** Standard contends that its motions and supporting evidence exceed 500 pages. Similar-

ly, First Financial contends it filed approximately 550 pages of evidence and numerous affidavits. Lairson states that it filed affidavits and hundreds of pages of evidence supporting its motion for summary judgment.

requires that an appellate record contain the "pertinent summary judgment evidence considered by the trial judge." Mallios contends the appellate record he presented contains all the pertinent summary judgment evidence required.

Additionally, Mallios objects to portions of the appellees' briefing. The appellees, in addition to complaining about the insufficiency of the appellate record, raise several substantive arguments to Mallios's appeal. The appellees contend, among other things, that Mallios failed to appeal all the grounds raised in support of their summary judgments. To support their contention, appellees include with their briefing appendices containing copies of their motions for summary judgment and other documents they assert are relevant to their arguments on the merits of the trial court's grants of summary judgment in their favor.[5] Mallios objects to the appendices containing motions for summary judgment and other documents as being outside of the appellate record, citing *Davis v. Huey*, 571 S.W.2d 859, 862 n. 2 (Tex.1978).

## B. Our Resolution of the Parties' Arguments

*Enterprise* does not support Mallios's conclusion that *only* the "pertinent evidence"—not the motion for summary judgment or its attachments—is needed in the appellate record.[6] If anything, *Enterprise* illustrates how important it is for an appellant challenging a grant of summary judgment to include the complete summary judgment record consid-

ered by the trial court in ruling on the motion for summary judgment; otherwise, the appellate court may apply the presumption that the omitted documents support the trial court's judgment and affirm the grant of summary judgment on that basis. *See* 156 S.W.3d at 549–50; *see also Aguirre v. Vasquez*, 225 S.W.3d 744, 752 (Tex.App.-Houston [14th Dist.] 2007, no pet.). Further, *Enterprise* places the burden squarely on the party challenging the grant of summary judgment to ensure that all documents needed for this court to fully review the correctness of the summary judgment are in the record. *See Enterprise*, 156 S.W.3d at 549.

We also reject Mallios's argument that he need not include the motions for summary judgment and exhibits in the appellate record because the Rules of Appellate Procedure do not require them to be included. Rule 34.1 does not aid Mallios because it merely provides that "[t]he appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record," and specifies that there should only be one appellate record in a case. *See* Tex.R.App. P. 34.1. Rule 34.5, which lists the documents the trial court clerk must include in the clerk's record in the absence of a party's designation, does not specifically include motions for summary judgment. *See* Tex.R.App. P. 34.5(a); *see also* Tex.R.App. P. 35.3(a) (stating that it is the trial court clerk's responsibility to prepare, certify, and timely file the clerk's record). But, Rule 34.5 does not limit a party to those documents; rather, it per-

---

5. Additionally, Lairson's appendix includes amended and supplemental answers he contends were filed after the answer Mallios included in the record on appeal.

6. Moreover, courts, including this one, have held that when an appellant contends the trial court erred in granting summary judgment, the complete summary judgment record, including the motion for summary judgment,

must be included in the appellate record to overcome the presumption that the omitted evidence supports the trial court's judgment when the appellee objects to the omission. *See Atchison v. Weingarten Realty Mgmt.*, 916 S.W.2d 74, 76–77 (Tex.App.-Houston [1st Dist.] 1996, no pet.); *Chapman v. City of Houston*, 839 S.W.2d 95, 100–101 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

mits any party to designate additional items to be included in the record. *See* Tex.R.App. P. 34.5(b). Thus, although the trial court clerk is required to include at least the documents listed in Rule 34.5, per *Enterprise,* if a party wishes to successfully appeal a grant of summary judgment, he must include more than those documents the court clerk is required to include—he must include all "pertinent" documents the trial court considered in granting the motion. Otherwise, on appeal, the appellant would be unable to demonstrate that a genuine issue of material fact existed that precluded summary judgment in favor of the movant.

Based on the record before us, not only are we unable to review the evidence the appellees presented in support of their motions for summary judgment, but because we do not have the motions, we do not know what arguments appellees made that the evidence was intended to support. We do not know if the motions were traditional or no-evidence motions, so that we may review them appropriately. We do not have Mallios's responses to the motions for summary judgment (if any), so we cannot determine whether Mallios presented evidence that would have demonstrated that appellees were not entitled to summary judgments in their favor. We do not have Mallios's motion for summary judgment. We also cannot discern whether any party is attempting to raise on appeal an issue not expressly presented to the trial court. *See* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Finally, we cannot determine whether appellees correctly contend that Mallios did not address all possible grounds for summary judgment in this appeal.

This is not a case in which the appellant mistakenly failed to designate a document or did not immediately realize an important document was missing from the record. Mallios designated a record that omitted all of the summary judgment briefing and attached evidence. He has continued to take the position the documents were unnecessary even after all of the appellees argued in their responsive briefs that the omissions were fatal to his appeal. Mallios has not made any request to supplement the record.

Based on the state of the record before us, we overrule all of Mallios's issues and affirm the trial court's judgment.

## II. Appellees' Requests for Sanctions

Appellees contend that Mallios should be subject to sanctions for bringing a frivolous appeal. *See* Tex.R.App. P. 45. However, the fact that Mallios did not file a sufficient record for us to address his issues does not, alone, render his appeal frivolous. *See Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.,* 191 S.W.3d 720, 721 (Tex.App.-Houston [14th Dist.] 2006, no pet.). We note that Mallios's brief contains issues presented, record references, and legal authorities. Further, he filed a reply brief in response to appellees' briefs that included requests for sanctions. We decline to impose sanctions against Mallios.

## III. Conclusion

We affirm the trial court's judgment.

FROST, J. Concurring and Dissenting.

KEM THOMPSON FROST, Justice, concurring and dissenting.

I join the court's analysis and disposition of the issues appellant Chris Mallios presents for review, but respectfully dissent as to the court's determination that appellate sanctions are not warranted.

Texas Rule of Appellate Procedure 45, entitled "Damages for Frivolous Appeals in Civil Cases," provides:

If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex.R.App. P. 45. Appellees Standard Insurance Company, First Financial Benefits, Inc., Null Lairson, P.C., Jim Yarbrough, Eddie Barr, Eddie Janek, Stephen Holmes, and Ken Clark each have invoked Rule 45, seeking "just damages" against Mallios for filing a frivolous appeal.

The Supreme Court of Texas has not yet addressed the appropriate legal standard appellate courts should use to determine whether to assess appellate sanctions. Under Rule 45, the appellate court first must determine that an appeal is "frivolous" before it can consider awarding "just damages" to any prevailing party. Most courts of appeals agree that, after the court determines that this prerequisite is satisfied, whether the court should award "just damages" is a matter of discretion that courts exercise with prudence and caution, after careful deliberation and only under truly egregious circumstances.[1] However, there is a conflict among the courts of appeals as to how courts should make the preliminary determination whether an appeal is frivolous. The rule contains no definition of "frivolous," and courts of appeals have asserted at least three different legal standards [2] for determining whether this prerequisite has been satisfied:

(1) Some courts consider the only prerequisite to be that there are no reasonable grounds to believe that an appellate court would reverse the trial court's judgment, objectively considering the record from the viewpoint of an attorney representing the appellant. These courts do not require any determination that the appellant has acted in bad faith.[3]

(2) Some courts require that the appeal be both objectively frivolous and subjectively brought in bad faith or for purposes of delay.[4]

(3) Some courts state that appellate sanctions may be imposed if the appeal is either objectively frivolous **or** brought in bad faith.[5]

---

1. *See Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 676 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (en banc).

2. Part of the confusion appears to stem from a failure to focus on the differences between the language in former Rule of Appellate Procedure 84 and current Rule 45. *See Smith*, 51 S.W.3d at 380-81.

3. *See Elwell v. Mayfield*, No. 10-04-00322-CV, 2005 WL 1907126, at *7 (Tex.App.-Waco Aug. 10, 2005, pet. denied) (mem.op.); *Smith*, 51 S.W.3d at 380-82; *Lloyd v. Whitmire*, No. 09-02-0148-CV, 2003 WL 1738784, at *1 (Tex.App.-Beaumont Apr.3, 2003, no pet.) (mem.op.); · *Mid-Continent Cas. Co. v. Safe*

*Tire Disposal Corp.*, 2 S.W.3d 393, 396-97 (Tex.App.-San Antonio 1999, no pet.).

4. *See Azubuike v. Fiesta Mart, Inc.*, 970 S.W.2d 60, 66 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex.App.-El Paso 2001, no pet.); *Keever v. Finlan*, 988 S.W.2d 300, 315 (Tex.App.-Dallas 1999, pet. dism'd); *Duran v. Resdoor Co.*, 977 S.W.2d 690, 693 (Tex.App.-Fort Worth 1998, pet. denied).

5. *See In re Estate of Davis*, 216 S.W.3d 537, 548 (Tex.App.-Texarkana 2007, pet. denied); *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex.App.-Dallas 2000, pet. denied); *Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 799 (Tex.App.-Corpus Christi 1999, pet. denied).

Absent (a) an intervening decision from the Supreme Court of Texas or this court sitting en banc that is on point and contrary to the prior panel decisions or (b) an intervening and material change in the statutory law, this court is bound by the decisions of prior panels of this court that have adopted the second rule above.[6] Since the *Azubuike* decision, decided shortly after the 1997 amendments to the Texas Rules of Appellate Procedure, Rule 45 has not been changed, and there have been no decisions by the Supreme Court of Texas or this court sitting en banc addressing this issue. *See Azubuike v. Fiesta Mart, Inc.,* 970 S.W.2d 60, 66 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (denying request for Rule 45 sanctions because record did not show that appeal was frivolous and brought for the purpose of delay). Therefore, this court must follow *Azubuike* and subsequent cases from this court that require the appeal to be both objectively frivolous and subjectively brought in bad faith or for purposes of delay before sanctions may be imposed under Rule 45.[7]

**Are there reasonable grounds to believe that this court would reverse the trial court's judgment, objectively considering the record from the viewpoint of an attorney representing the appellant?**

The appellees moving for sanctions allege the appeal is frivolous because Mallios did not arrange for the filing of a sufficient appellate record. Under Texas Rule of Appellate Procedure 34.5, the trial court clerk is not required to include in the clerk's record copies of any motion for summary judgment, summary-judgment response, or summary-judgment evidence, unless a party specifically requests in writing that a copy of any such item be included in the clerk's record. *See* TEX.R.APP. P. 34.5. No party, including Mallios, has ever requested that the district court clerk include in the clerk's record copies of any motion for summary judgment, summary-judgment response, or summary-judgment evidence. None of those items have been included in our appellate record. In his thirteen-page opening brief, Mallios asserts the following:

- Mallios requests the court to find that the trial court erred in granting **appellees' motions for summary judgment** and in denying **Mallios's motion for summary judgment.**

- In reviewing a trial court's summary judgment, this court must determine whether the **summary-judgment proof** establishes as a matter of law that appellees are entitled to judgment in their favor.

- Standard's **summary-judgment evidence** did not establish as a matter of law its statute-of-limitations defense.

- Standard's **summary-judgment evidence** did not establish res judicata or collateral estoppel as a matter of law.

- The **summary-judgment affidavit** filed by appellee Null Lairson, P.C. was insufficient as a matter of law,

---

**6.** *See D'Arcy v. Mead,* No. 14–04–01220–CV, 2006 WL 2165733, at *3 (Tex.App.-Houston [14th Dist.] Aug. 1, 2006, pet. denied) (mem. op.); *City of Webster v. City of Houston,* No. 14–04–00353–CV, 2005 WL 913813, at *1 (Tex.App.-Houston [14th Dist.] Apr. 19, 2005, no pet.) (mem.op.); *Barker CATV Const., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 793 n. 2 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *United States v. Treft,* 447 F.3d 421, 425 (5th Cir.2006).

**7.** *See Yazdchi v. Chesney,* No. 14–05–00817–CV, 2007 WL 237697, at *2 & n. 6 (Tex.App.-Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem.op.) (noting the first rule above but holding that this court requires the appeal to be both objectively frivolous and subjectively brought in bad faith or for purposes of delay before Rule 45 sanctions may be assessed).

and the trial court erred in granting summary judgment based on it.

- The **summary-judgment affidavit** filed by First Financial was insufficient as a matter of law.
- Appellee Phillip Lohec did not produce **any summary-judgment evidence** proving his defense of official immunity, and the trial court erred in granting summary judgment in his favor.
- In his **motion for summary judgment,** Mallios asked the trial court to declare as a matter of law that "the Alternate Plan, Group Policy 602107, Insurance Code and the Demutualization Plan made certain representations to [Mallios]." **These documents were before the trial court without objection.**

None of the items emphasized in bold-face type above are contained in our record. In response to Mallios's opening brief, appellees Standard, First Financial, Null Lairson, P.C., Yarbrough, Barr, Janek, Holmes, and Clark all asserted that this court should order Mallios to pay their appellate attorney's fees as "just damages" under Rule 45 because, among other things, Mallios did not arrange for the filing of a sufficient appellate record. Without requesting that the district clerk supplement the clerk's record, the appellees attached copies of their motions for summary judgment to their appellate briefs.

In his reply brief, Mallios did not address the Rule 45 sanctions issue, and he did not ask this court to deny the requests for sanctions. Instead, Mallios stated that, although he has the burden to present a complete record on appeal, a "complete record" is only the pertinent summary-judgment evidence considered by the trial court. Mallios asserted that, under *Enterprise Leasing Co. v. Barrios,* a "complete record" does not include the actual motions for summary judgment and their attached evidence. *See* 156 S.W.3d 547, 549–50 (Tex.2004) (per curiam). In *Barrios,* the Supreme Court of Texas stated that, "although [the appellee/movant] bears the burden to prove its summary judgment as a matter of law, on appeal [the appellant/non-movant] bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error ... If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Barrios,* 156 S.W.3d at 550. Mallios has not brought forward an appellate record containing the summary-judgment motions or the summary judgment evidence considered by the trial court. Mallios's argument that he has discharged his burden under *Barrios* is objectively frivolous.

There are no reasonable grounds to believe that an appellate court would reverse the trial court's judgment in the absence of a complete record, objectively considering the record from the viewpoint of an attorney representing Mallios. The arguments made in Mallios's opening brief are therefore objectively frivolous.[8]

### Did the appellant bring this appeal in bad faith?

When confronted in the appellees' briefs with his failure to request an appellate record sufficient for this court to review

---

8. *See Tate v. E.I. Du Pont de Nemours & Co.,* 954 S.W.2d 872, 875 (Tex.App.-Houston [14th Dist.] 1997, no writ) (assessing appellate sanctions against a party appealing a summary judgment based on her failure to request the inclusion in the record of one of the summary-judgment motions granted by the trial court, along with the motion's accompanying evidence).

the trial court's summary-judgment rulings, Mallios did not concede any shortcomings; rather, in his reply brief, he asserted another objectively frivolous argument, taking the untenable position that these documents were unnecessary to the resolution of his appeal. In addition, in his reply brief, Mallios objected to the appellees' attachment of copies of their motions for summary judgment to their appellate briefs because these documents are not contained in the appellate record. Though Mallios is correct that this court cannot consider these documents because they are not contained in the appellate record,[9] his objection on this ground is outrageous because (1) it was his burden to put those documents properly before the court and (2) he failed to do so. Rather than requesting that these omitted, and apparently voluminous, items be added to the record in the correct form, Mallios objected to the presence of some of these documents in this court in an improper form. These actions, under these circumstances, bespeak improper motivation and purpose.

If Mallios had requested the district clerk to file a supplemental clerk's record containing the apparently voluminous summary-judgment motions, evidence, and responses and if Mallios were to lose this appeal, then Mallios would bear the expense of the preparation of this record. *See* Tex.R.App. P. 43.4. Mallios not only importuned this court to reverse the trial court's judgment without reviewing the summary-judgment record but to do so in manner that would allow him to avoid the full amount of appellate costs that he would be required to pay if he had requested that all necessary documents be included in the clerk's record. Mallios's refusal to acknowledge that the summary-judgment motions, responses, and evidence

are necessary to adjudicate this appeal, and his objection to this court's consideration of the appellees' summary-judgment motions because they are not in the appellate record show that Mallios is acting in bad faith and seeking to harass appellees through this appeal. *See Tate,* 954 S.W.2d at 875.

## Should this court exercise its discretion to sanction the appellant?

Once a determination is made that the prerequisites to Rule 45 sanctions have been satisfied, the focus of the inquiry turns to whether it is appropriate under the facts of this case for the court to exercise its discretion to award just damages to the prevailing parties. In making this determination, this court considers the circumstances revealed by the record, briefs, and other papers filed in this court, and weighs factors that include the following:

- the failure to present a complete record,
- the raising of issues for the first time on appeal, even though preservation of error was required in the trial court,
- the failure to file a response to a request for appellate sanctions, and
- the filing of an inadequate appellate brief.

*See id.* Mallios has not presented a complete record. He appeals the granting of five different motions for summary judgment and the denial of his motion for summary judgment, yet Mallios has not requested the district clerk to include any of these motions, their attached evidence, or any summary-judgment responses in the clerk's record. Although Mallios did request a copy of his motion to reconsider,

**9.** *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.,* 178 S.W.3d 198, 210 (Tex.App.- Houston [14 Dist.] 2005, no pet.).

this motion asserts that the trial court should not have granted the five motions for summary judgment, upon reconsideration should deny them, and should grant Mallios's motion for summary judgment. Obviously, to evaluate the merits of the motion to reconsider, this court would need to review the five motions for summary judgment the trial court granted, Mallios's motion for summary judgment, and any responses to these motions. Again, Mallios has not requested that any of these items be made a part of the appellate record. Moreover, Mallios's failure to do so is not an oversight or an innocent matter that escaped his notice but a substantial defect that was brought to his attention in many ways and by many sources.

In three appellees' brief and in one motion for sanctions, various appellees requested Rule 45 sanctions against Mallios. Mallios has not filed any response to this motion or to any of these requests for sanctions. Mallios did file a reply brief; however, in that brief, Mallios did not present any argument as to whether Rule 45 sanctions should be assessed and he did not ask this court to deny the requests for sanctions. Although, as noted by the majority, Mallios did file a thirteen-page appellant's brief with citations to the record and to legal authorities, for the reasons noted, this brief presents objectively frivolous arguments. Mallios also filed a reply brief, in which he added an additional frivolous argument that he satisfied his burden of requesting that the clerk include in the record all pertinent summary-judgment evidence considered by the trial court, even though he requested no summary-judgment evidence.

In declining to impose Rule 45 sanctions, the majority relies on *Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.,* 191 S.W.3d 720, 721 (Tex.App.-Houston [14th Dist.] 2006, no pet.). In *Sam Houston Hotel,* this court stated that:

- The appellee contended the appellant should be sanctioned for failing to arrange for the filing of a reporter's record and for mischaracterizing the evidence presented at trial.

- Appellant's failure to arrange for a sufficient record does not necessarily make its appeal frivolous.

- In the absence of a reporter's record, this court could not determine whether appellant had mischaracterized the evidence at trial.

- This court declined to impose sanctions under Rule 45.

*Sam Houston Hotel, L.P.,* 191 S.W.3d at 721. If the *Sam Houston Hotel* court concluded that the appeal was not frivolous, then it would have had no discretion as to whether to assess Rule 45 sanctions, and it would not have been in a position to "decline to impose sanctions." *See id.* The *Sam Houston Hotel* court appears to have focused on the appellee's failure to assert that the appeal was frivolous, noting that an assertion that the record is inadequate to address the issues is not the same as an assertion that the appeal is frivolous. *See id.* The court then stated that it exercised its discretion not to award sanctions and did not discuss the facts and circumstances in the record upon which that decision was based. *See id.* The *Sam Houston Hotel* court did not say that an appellant's failure to request an appellate record sufficient to review the appellate issues can never make an appeal frivolous. *See id.* Indeed, such a holding would be contrary to this court's precedent. *See Ward v. Lubojasky,* 777 S.W.2d 156, 157 (Tex.App.-Houston [14th Dist.] 1989, no writ) (stating, in assessing appellate sanctions, that "[s]ufficient cause is obviously lacking, for we can hardly review evidence without a record"). The *Sam Houston Hotel* case is distinguishable.

For the reasons stated above, considering the record, briefs, and other papers filed in this court, Mallios's appeal is objectively frivolous and subjectively brought in bad faith or for purposes of delay. Furthermore, after careful deliberation and exercising discretion under Rule 45 with prudence and caution, this court should conclude based on the above facts that this case presents egregious circumstances warranting imposition of Rule 45 sanctions. The court should order Mallios to pay the reasonable and necessary appellate attorney's fees of Standard, First Financial, Null Lairson, P.C., Yarbrough, Barr, Janek, Holmes, and Clark. *See Tate*, 954 S.W.2d at 875. Because the court does not do so, I respectfully dissent.

