Opinion issued December 17, 2009

 

 



 

 

 

                                                                        

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00326-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ENRIQUE
RODRIGUEZ, Appellant

 

V.

 

DIONNE S. PRESS, Appellee

 

 



On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2007‑15455‑A

 

 

 



MEMORANDUM OPINION

Appellant, Enrique Rodriguez, and his
wife, Anabel Reyna Rodriguez, sued appellant’s former lawyer, Dionne S. Press,
for alleged negligence, breach of contract, violations of the Deceptive Trade
Practices‑Consumer Protection Act, and other theories.  See
Tex. Bus. & Com. Code Ann. §§ 17.41–.63 (Vernon 2002 & Supp.
2009) (DTPA).  The trial court rendered a
take‑nothing summary judgment based on appellee Press’s motion for
summary judgment.  Appellant brings three
points of error, alleging the trial court erred in (1) hearing the motion for
summary judgment outside the time periods set out in the court’s docket control
order, (2) relying on the doctrine set forth in Peeler v. Hughes & Luce, 909 S.W.2d 494 (Tex. 1995),[1] to
grant Press’s motion for summary judgment, and (3) denying appellant’s motion
for summary judgment based on what appellant claims is false and misleading
summary‑judgment evidence filed by Press. 
We affirm.

Background

          Appellant pleaded guilty to possession
with intent to deliver cocaine weighing 400 grams or more, and the trial court
assessed punishment at 25 years’ imprisonment and a $10,000 fine.  See
State v. Rodriguez, No. 880447 (337th
Dist. Ct., Harris County, Tex. May 20, 2002).  Appellant’s lawyers at the criminal trial were
Paul Looney and Roberto S. Rivera.  Appellant
hired Joe Roach to file a postconviction petition for writ of habeas corpus,
and Roach hired appellee Press to assist him in preparing and filing the
writ.  The Court of Criminal Appeals
denied the petition.  See In
re Rodriguez, No. WR‑64,368‑01 (Tex. Crim. App. May 3, 2006).  In 2007, appellant and his wife sued Looney,
Rivera, Roach, and Press.

          On October 15, 2007, the trial court
signed (1) an interlocutory order denying appellant’s motion for summary
judgment, (2) an interlocutory order denying appellant’s wife’s motion for
summary judgment, and (3) an interlocutory order granting Press’s motion for
summary judgment and rendering judgment that appellant and his wife take
nothing against Press.  On April 7, 2008,
the trial court granted Press’s motion to sever appellant and his wife’s claims
against Press, thus rendering a final judgment. 
Only appellant filed a notice of appeal.[2]

          Appellant made a general request for items to be
included in the clerk’s record (“respectfully request that this Court Clerk,
prepare and forward all records pertaining to defendant Dionne S. Press to the
Court of Appeals”).  Texas Rule of
Appellate Procedure 34.5(b)(2) requires that a party’s written designation of
items to be included in the clerk’s record specifically describe each item so
the clerk can readily identify it.  Rule
34.5(b)(2) instructs the clerk to disregard a general designation, such as one
for “all papers filed in the case.”
 Because appellant did not make a specific written
designation, the only items the trial‑court clerk was required to include
in the clerk’s records were those listed in Texas Rule of Appellate Procedure
34.5(a).  The items missing from this
list were the three October 15, 2007 interlocutory orders that along with
the April 7, 2008 severance order form the trial court’s final judgment.  Accordingly, this Court ordered the trial‑court
clerk to prepare, certify, and file a supplemental record
containing the three October 15, 2007 interlocutory orders.  See Tex. R. App.
P. 34.5(c)(1).  Appellant did not
make a written designation specifying that the following items be included in
the clerk’s record: (1) the trial court’s docket control order; (2) the motions
for summary judgment filed by appellant, appellant’s wife, and Press; and (3)
any responses to the motions for summary judgment.  Those items are not a part of the record in
this appeal.

 

Discussion

          In point of error one, appellant
argues the trial court erred in hearing the motion for summary judgment outside
of the time periods set out in the court’s docket control order.  We note that the docket control order is not
in the clerk’s record.  Even if the order
were a part of the record, appellant did not preserve his alleged error in the
trial court as required by Texas Rule of Appellate Procedure 33.1(a) by
bringing this matter to the attention of the trial court and obtaining an
adverse ruling.

          We overrule point one.

          In points of error two and three,
appellant contends the trial court erred in granting Press’s motion for summary
judgment and denying his motion.  We
cannot reach the merits of these points because the motions and any responses
are not in the clerk’s record.  See Mallios
v. Standard Ins. Co., 237 S.W.3d 778, 782–83 & n.6 (Tex. App.—Houston
[14th Dist.] 2007, pet. denied), cert.
denied, 129 S. Ct. 56 (2008); Atchison
v. Weingarten Realty Mgmt. Co., 916 S.W.2d 74, 77 (Tex. App.—Houston [1st
Dist.] 1996, no pet.).

          We overrule points two and three.

 

 

Conclusion

          We affirm the
judgment of the trial court.

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.











[1]               The
Peeler doctrine holds that unless a
convict’s criminal conviction has been overturned, the cause in fact for any
injury flowing from the conviction is the convict’s illegal conduct, rather
than the negligence or malfeasance by the convict’s lawyer.  See
Peeler, 909 S.W.2d at 498.





[2]               Appellant
filed an amended pro se notice of appeal that purported to list his wife as an
appellant.  This Court’s October 15, 2008
order allowing the filing of the amended notice of appeal noted that
appellant’s wife did not sign the notice of appeal.  Appellant cannot represent his wife unless he
is a member of the State Bar of Texas or otherwise qualifies for the limited
practice of law.  See Tex. Gov’t Code Ann.
§ 81.102 (Vernon 2005); Magaha v. Holmes,
886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, no writ).  Neither appellant nor his wife has responded
to our October 15, 2008 order by appellant claiming he can practice law or
appellant’s wife filing her own pro se notice of appeal.