

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00339-CV

---

ALONZO BRADLEY                                                    APPELLANT

V.

PITNEY BOWES, INC.                                               APPELLEE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

Alonzo Bradley sued Pitney Bowes, Inc. and SupportKids, Inc. d/b/a CSE Child Enforcement contending that SupportKids wrongfully attempted to collect child support from him based on a void Louisiana order and that Pitney Bowes wrongfully garnished his wages based on that order. Appellant also alleged that Pitney Bowes had fired him from his area sales executive position because of a separate lawsuit that he had filed against Pitney Bowes attacking the void

---

[1]*See* Tex. R. App. P. 47.4.

Louisiana order, not because of poor job performance, which was the reason given by Pitney Bowes. Appellant sued for an injunction to stop the wage withholding and for reinstatement to his former position with Pitney Bowes. Pitney Bowes moved for summary judgment, which the trial court granted. The trial court granted a default judgment for Bradley against SupportKids, which it did not appeal.

Appellant has failed to include Pitney Bowes's summary judgment motion in the appellate record. Accordingly, he has failed to meet his burden to show reversible error. *See Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549–50 (Tex. 2004); *Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-00500-CV, 2008 WL 2058216, at *11 (Tex. App.—Corpus Christi May 15, 2008, pet. denied) (mem. op.); *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 781–83 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Moreover, even if we were able to consider the copy of the motion for summary judgment attached to Pitney Bowes's appendix, we would conclude that the trial court did not err by concluding that Pitney Bowes proved its entitlement to summary judgment as a matter of law. *See* Tex. Fam. Code Ann. §§ 159.502, .504 (West 2008) (providing that recipient of order of withholding that is regular on its face must comply and is not subject to civil liability for doing so); *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995) (holding that plaintiff in employment retaliation action must prove causation); *see, e.g.*, *McIntyre v. Lockheed Corp.*, 970 S.W.2d 695, 697–98 (Tex. App.—Fort Worth 1998, no pet.) (holding that proof of causation is required for

2

recovery on termination action alleging retaliation for filing workers' compensation claim).[2]

Accordingly, we overrule all of appellant's issues and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: August 4, 2011

---

[2]*See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see also* Tex. R. Civ. P. 166a(b), (c).