02-10-339-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00339-CV

 

 


 
 
 Alonzo Bradley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Pitney Bowes, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Alonzo
Bradley sued Pitney Bowes, Inc. and SupportKids, Inc. d/b/a CSE Child
Enforcement contending that SupportKids wrongfully attempted to collect child
support from him based on a void Louisiana order and that Pitney Bowes
wrongfully garnished his wages based on that order.  Appellant also alleged that
Pitney Bowes had fired him from his area sales executive position because of a
separate lawsuit that he had filed against Pitney Bowes attacking the void
Louisiana order, not because of poor job performance, which was the reason
given by Pitney Bowes.  Appellant sued for an injunction to stop the wage
withholding and for reinstatement to his former position with Pitney Bowes.  Pitney
Bowes moved for summary judgment, which the trial court granted.  The trial
court granted a default judgment for Bradley against SupportKids, which it did
not appeal.

          Appellant
has failed to include Pitney Bowes’s summary judgment motion in the appellate
record.  Accordingly, he has failed to meet his burden to show reversible
error.  See Enterprise Leasing Co. v. Barrios, 156 S.W.3d 547, 549–50
(Tex. 2004); Sparkman v. Reliastar Life Ins. Co., No. 13-03-00500-CV,
2008 WL 2058216, at *11 (Tex. App.––Corpus Christi May 15, 2008, pet. denied)
(mem. op.); Mallios v. Standard Ins. Co., 237 S.W.3d 778, 781–83 (Tex.
App.––Houston [14th Dist.] 2007, pet. denied).  Moreover, even if we were able
to consider the copy of the motion for summary judgment attached to Pitney
Bowes’s appendix, we would conclude that the trial court did not err by concluding
that Pitney Bowes proved its entitlement to summary judgment as a matter of
law.  See Tex. Fam. Code Ann. §§ 159.502, .504 (West 2008) (providing
that recipient of order of withholding that is regular on its face must comply
and is not subject to civil liability for doing so); Tex. Dep’t of Human
Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995) (holding that plaintiff in
employment retaliation action must prove causation); see, e.g., McIntyre
v. Lockheed Corp., 970 S.W.2d 695, 697–98 (Tex. App.––Fort Worth 1998, no
pet.) (holding that proof of causation is required for recovery on termination action
alleging retaliation for filing workers’ compensation claim).[2]

Accordingly,
we overrule all of appellant’s issues and affirm the trial court’s judgment.

 

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:  August 4, 2011 









[1]See Tex. R. App. P. 47.4.





[2]See Frost Nat’l Bank v.
Fernandez, 315 S.W.3d 494, 508 (Tex. 2010), cert. denied, 131 S. Ct.
1017 (2011); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009); see also Tex. R. Civ. P. 166a(b), (c).