**Opinion issued August 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00366-CV

————————————

## DELORES JONES MCMILLIAN, Appellant

## V.

## ATANACIO MARTINEZ GUZMAN AND
## SUNBURST TRUCK LINES, INC., Appellees

---

**On Appeal from the 189th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-69312**

---

## MEMORANDUM OPINION

Appellant Delores Jones McMillian filed a lawsuit arising from a motor

vehicle collision with appellee Atanacio Martinez Guzman. The trial court granted

summary judgment in favor of Guzman. McMillian appeals, arguing that the trial

court erred in granting the motion because there was evidence that Guzman caused the accident, the expert report supporting her theory of liability was admissible to prove Guzman's negligence, and a police report about the incident was likewise admissible. However, because McMillian has presented an incomplete record to support her arguments on appeal, we affirm the trial court's judgment.

## Background

This case arises from a highway collision between an 18-wheel truck and two cars. The three vehicles were traveling northbound on Highway 288 in Houston. Guzman was driving the 18-wheeler, while Kimberly McDonald was driving her car directly in front of him in the same lane. McMillian was driving in the lane to the right of Guzman and McDonald.

Guzman attempted to change lanes, had to swerve back into his original lane to avoid oncoming traffic, and then was forced to brake suddenly. The truck jack-knifed and crushed McMillian's and McDonald's cars. The parties dispute what caused Guzman to brake abruptly. Without any citation to the appellate record, McMillian contends on appeal that the truck caused the accident when it collided with her left-side rear wheel as it changed lanes, blowing out her tire and spinning her car out of control. But in her deposition, McMillian testified that she did not know how the accident occurred and that Guzman did not swerve into her car. Guzman and other witnesses to the accident deny that the truck struck McMillian's

2

car when changing lanes. Instead, Guzman stated that McMillian struck his truck, causing him to brake abruptly and jack-knife.

McDonald sued Guzman and Sunburst Truck Lines in Harris County district court, while Guzman sued McMillian in the Harris County Court at Law Number 4. The record reflects that the cases were consolidated in the district court. The appellate record does not contain Guzman's petition against McMillian or McMillian's original answer or counterclaims. The parties' briefs and the McMillian's response to it attest to the existence and some of the substance of Guzman's motion for summary judgment, but the motion itself is not contained in the appellate record.

After the initial summary judgment motion was filed, McMillian replied and attempted to file a police report and an expert report as evidence that Guzman's negligence caused the collision. The record reflects that Guzman moved several times to strike the reports. It also reflects that Guzman re-urged the motion for summary judgment at least two more times. The appellate record contains no rulings or orders concerning the admissibility of evidence offered by McMillian.

The trial court's order granting Guzman's motion for summary judgment is contained in the record. The order grants Guzman's motion against McMillian and dismisses her claims against him.

3

## Analysis

We review a trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). Although Guzman bears the burden to prove his entitlement to summary judgment as a matter of law, on appeal the burden rests on McMillian to bring forward a record sufficient to provide this court with a basis to review any claim of harmful error. *Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549–50 (Tex. 2004) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990)). We will presume that any omitted evidence or documents support the trial court's judgment and affirm on that basis, if the party challenging the grant of summary judgment has failed to include in the record all documents needed for this court to fully review the correctness of the summary judgment. *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Enterprise Leasing*, 156 S.W.3d at 550). A party wishing to successfully appeal a grant of summary judgment must include more than those documents the court clerk is required to include in the record—she must include all pertinent documents that the trial court considered in granting the motion, such as the original petition and motion for summary judgment. *Id.* at 783.

McMillian failed to include in the record all the pertinent documents necessary for her to demonstrate harmful error. The record includes neither

4

McMillian's petition nor Guzman's motion for summary judgment. Without these omitted materials, we are unable to review whether the trial court erred by granting the summary judgment motion, because we do not know all the claims that McMillian asserted against Guzman, and we do not know what arguments the parties made regarding those claims. Apart from the assertions of the parties, we do not know if the motion for summary judgment was a traditional or no-evidence motion, so that we may review it appropriately. We cannot determine whether McMillian properly preserved her issues for appeal. *See* TEX. R. APP. P. 33.1(a) (to present a complaint for appellate review, the record must show that the complaint was made to the trial court and the trial court ruled on it).

Based on the state of the record before us, we presume that the omitted documents and evidence support the trial court's judgment and affirm the grant of summary judgment on that basis. *Enter. Leasing*, 156 S.W.3d at 549–50; *Mallios*, 237 S.W.3d at 782.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.