**Affirmed and Memorandum Opinion filed September 27, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00653-CV

**STEVEN LORKE A/K/A AND BSPA STEVEN FOSTER LORKE, STEVEN F. LORKE, S. F. LORKE AND STEVE LORKE D/B/A LORKE SERVICES, Appellant**

**V.**

**DREW MARINE USA, INC. D/B/A ALEXANDER/RYAN MARINE & SAFETY LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1088337**

## M E M O R A N D U M     O P I N I O N

Appellant, Steven Lorke also known as and being the same person as Steven Foster Lorke, Steven F. Lorke, S. F. Lorke, and Steve Lorke doing business as Lorke Services (hereinafter "Lorke"), appeals the grant of summary judgment in favor of appellee, Drew Marine USA, Inc. doing business as Alexander/Ryan Marine &

Safety LLC (hereinafter "Drew Marine"). We affirm.

## BACKGROUND

Our recitation of the background of the case is constrained by the appellate record before us. We draw the following from the limited record.

Lorke ordered 50 stretchers from Drew Marine. The stretchers cost $1,350 each for a total of $67,500. Lorke wrote two checks to pay for the stretchers, which were to be delivered in two shipments. One check in the amount of $35,100 was for the first shipment of stretchers to be sent end of June 2015, and the other check in the amount of $32,400 was for the second shipment to be sent later. Drew Marine delivered the stretchers to Lorke in two shipments. Drew Marine was able to cash the first check, but the second check for $32,400 was returned for insufficient funds.

Drew Marine sued Lorke in January 2017, seeking to recover on a sworn account and for unjust enrichment. Drew Marine alleged that it has been damaged in the amount of $32,400 because Lorke's check was returned due to insufficient funds and Lorke failed to "reimburse [Drew Marine] for said check." Drew Marine asserted it made a written demand "for payment of said account more than thirty (30) days prior to the filing of this" suit. In the alternative, Drew Marine alleged that Lorke would be unjustly enriched if he was allowed to retain the stretchers sent to him without paying Drew Marine. Lorke entered a general denial in February 2017.

Drew Marine filed a motion for summary judgment in March 2017. Lorke filed a summary judgment response in April 2017. Drew Marine filed a second motion for summary judgment in July 2017. Thereafter, Lorke filed a response to Drew Marine's summary judgment motion.

The trial court signed an order granting summary judgment in favor of Drew Marine on August 4, 2017. Lorke filed a timely appeal.

2

Lorke argues on appeal that the trial court erred in determining that there is "no dispute as to any material facts" and granting summary judgment in favor of Drew Marine because he "presented clear evidence showing that Drew Marine did not honor our agreement by (1) failing to hold and not negotiating the check which I gave [Drew Marine]; and (2) delivering and not holding the products and materials forming the basis of Drew Marine's purported account."

Our record on appeal contains Drew Marine's original petition; Lorke's original answer; Lorke's response to Drew Marine's objection to Lorke's motion for continuance on Drew Marine's summary judgment motion; and Lorke's responses with attached summary judgment evidence to Drew Marine's motions for summary judgment. The record does not contain Drew Marine's two summary judgment motions and summary judgment evidence in support of the two motions.

In *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam), the Texas Supreme Court stated that, "[a]lthough Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error." The court further instructed that, "[i]f the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* at 550.

Relying on *Enterprise*, this court concluded that the appellate record need not only include "pertinent evidence" but must include the summary judgment motions filed by the parties. *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782-83 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see Nwokenaka v. Greater Houston Transp. Co.*, No. 14-15-00121-CV, 2016 WL 2605734, at *3 (Tex. App.—Houston

[14th Dist.] May 5, 2016, no pet.). This court noted that *Enterprise* illustrates how important it is for an appellant challenging a grant of summary judgment to present the complete summary judgment record — including all summary judgment motions — the trial court considered in ruling on the motion for summary judgment; "otherwise, the appellate court may apply the presumption that the omitted documents support the trial court's judgment and affirm the grant of summary judgment on that basis." *Mallios*, 237 S.W.3d at 782-83; *see also Nwokenaka*, 2016 WL 2605734, at *3.

Thus, if summary judgment motions or summary judgment evidence considered by the trial court are not included in the appellate record, we may presume that the omitted motions or evidence support the summary judgment. *See Nwokenaka*, 2016 WL 2605734, at *3; *Mallios*, 237 S.W.3d at 782-83. Taking this action is warranted if an appellant has not requested under Texas Rule of Appellate Procedure 34.5(b) that the trial court clerk include the items in the clerk's record. *Nwokenaka*, 2016 WL 2605734, at *3; *see* Tex. R. App. P. 34.5(a), (b). Rule 34.5(a), which lists the documents the trial court clerk must include in the clerk's record in the absence of a party's designation, does not specifically include motions for summary judgment, but Rule 34.5(b) permits a party to designate additional items to be included in the record. *See* Tex. R. App. P. 34.5(a), (b); *Mallios*, 237 S.W.3d at 782-83. Therefore, if an appellant wants to successfully appeal a grant of a summary judgment, he must include all summary judgment motions in addition to those documents the clerk is required to include under Rule 34.5(a). *See Mallios*, 237 S.W.3d at 783.

Here, the clerk's record does not contain Drew Marine's summary judgment motions or any attached summary judgment evidence, and the district clerk certified that the clerk's record contains all the proceedings directed by counsel to be included

4

in the clerk's record. One of the items required by Rule 34 is any request for preparation of the clerk's record. *See* Tex. R. App. P. 34.5(a). The clerk's record does not contain any request by appellant for the preparation of a clerk's record. Therefore, the record reflects that appellant did not request that the clerk's record contain Drew Marine's summary judgment motions and any summary judgment evidence in support of the motions.

Accordingly, we presume that Drew Marine's motions for summary judgment and any attached evidence support the trial court's grant of summary judgment. *See Nwokenaka*, 2016 WL 2605734, at *3; *Mallios*, 237 S.W.3d at 782-83. Based on this presumption, we conclude that the trial court did not err in granting summary judgment in Drew Marine's favor. We overrule Lorke's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/s/      William Boyce
Justices

Panel consist of Justices Boyce, Donovan, and Wise.