Opinion issued August 8, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00207-CV

_____

**ENO WILLIAMS, Appellant**

**V.**

**U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, N.A., AS TRUSTEE, FOR MERRILL LYNCH,
Appellee**

---

**On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Case No. 22-DCV-292354**

---

## MEMORANDUM OPINION

Appellant, Eno Williams, challenges the trial court's grant of summary judgment for appellee, U.S. Bank National Association, Successor Trustee to Bank of America, N.A., as Trustee, for Merrill Lynch (hereinafter U.S. Bank). We affirm.

## Background

Our recitation of the background of this case is limited by the appellate record before us. We draw the following from the limited record.

The underlying suit concerns property located at 3003 Mystic Forest, Missouri City, Texas, 77459. Williams, the owner of the property, filed suit against U.S. Bank seeking to enjoin U.S. Bank from instituting eviction proceedings or selling the property. Williams's petition claimed that an earlier assignment of the deed of trust for the property from First Franklin Financial Corporation to U.S. Bank was fraudulent and a subsequent foreclosure sale involving a prior owner was defective.[1]

Later, U.S. Bank moved for summary judgment, though the appellate record does not contain a copy of the motion or any summary judgment evidence presented by U.S. Bank. Williams then filed a response to the summary judgment motion and an appendix of exhibits for the summary judgment hearing. Both of these filings appear in the record before us, as does the trial court's order granting summary judgment for U.S. Bank, signed March 7, 2023. Williams timely appealed.

---

[1] Williams claims to have "acquired interest in the property" from this prior owner. It is unclear whether Williams purchased the property at the complained-of foreclosure sale or acquired his interest through some other means.

**Analysis**

Williams argues on appeal that the trial court erred in granting summary judgment for U.S. Bank because U.S. Bank relied on inadmissible hearsay evidence, inappropriately considered by the trial court over Williams's objections.[2]

Our record on appeal contains: (1) Williams's original petition; (2) the trial court's April 4, 2022 order granting Williams's temporary restraining order (TRO); (3) Williams's motion to extend the TRO; (4) the trial court's April 14, 2022 order extending the TRO; (5) Williams's response to U.S. Bank's "judgment on the pleadings" (summary judgment); (6) Williams's appendix of exhibits for the summary judgment hearing; (7) the trial court's March 7, 2023 order granting U.S. Bank's motion for traditional summary judgment; (8) Williams's notice of appeal; and (9) Williams's designation of matters in clerk's record, along with the trial court's docket sheet, the district clerk's bill of costs, and the district clerk's certificate. Williams's designation does not include U.S. Bank's summary judgment motion or any summary judgment evidence filed with the motion.

---

[2]     As U.S. Bank points out in its appellate brief, the record does not support Williams's contention that he raised objections to the summary judgment evidence. Though Williams's summary judgment response appears in the appellate record, it does not contain any such objections. *See* TEX. R. APP. P. 33.1(a) (to present complaint for appellate review, record must show that complaint was made to trial court and trial court ruled on it).

We review a trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). Although U.S. Bank bears the burden to prove its entitlement to summary judgment as a matter of law, Williams bears the burden on appeal to bring forward a record sufficient to provide this court with a basis to review any claim of harmful error. *Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990)). If the party challenging the grant of summary judgment fails to include in the record all documents needed for this court to fully review the correctness of the summary judgment, we will presume that any omitted evidence or documents support the trial court's judgment and affirm on that basis. *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Enter. Leasing*, 156 S.W.3d at 549–50). A party wishing to successfully appeal a grant of summary judgment must include more than those documents the court clerk must include in the record—he must include all pertinent documents that the trial court considered in granting the motion. *Id.* at 783.

Williams failed to include in the record all the documents necessary to demonstrate harmful error. Again, the record does not include U.S. Bank's motion for summary judgment or the summary judgment evidence complained of by Williams on appeal. Without these omitted materials, we do not know what

4

arguments U.S. Bank raised regarding Williams's claims, or what evidence, if any, it presented. Apart from the parties' assertions, we do not know whether the motion was a traditional or no-evidence motion,[3] so that we may review it appropriately.

This is not a case where the necessary documents were accidentally omitted from the record. Rather, Williams's designation of the record reveals that he elected not to request the entire summary judgment record, and when U.S. Bank pointed out this omission in its appellee's brief, Williams chose not to supplement the record with the omitted documents.[4] Therefore, based on the state of the record before us, we must presume that the omitted documents and evidence support the trial court's judgment and affirm the grant of summary judgment on that basis. *Enter. Leasing*, 156 S.W.3d at 549–50; *Mallios*, 237 S.W.3d at 782.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

---

[3] The trial court's order states that it granted "the Motion for Traditional Summary Judgment" filed by U.S. Bank, but Williams's briefing suggests U.S. Bank filed a combined motion.

[4] Williams did not file a reply brief.