**Opinion issued November 1, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-09-00493-CV

————————————

**ALBERT MORRIS, Appellant**

**V.**

**LISA COFFMAN, Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2007-05915

**MEMORANDUM OPINION ON REHEARING**

Appellant Albert Morris has filed a motion for en banc reconsideration of our August 9, 2012 opinion. In light of the motion, we withdraw our opinion and judgment of August 9, 2012, and we issue this opinion in its stead. We overrule the motion for reconsideration en banc as moot. *See Brookshire Bros., Inc. v.*

*Smith*, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh'g) (motion for en banc reconsideration becomes moot when panel issues new opinion and judgment).

Morris appeals the trial court's judgment awarding $6,396.91 in disgorged attorney's fees to Lisa Coffman. Coffman sued Morris, an attorney, for fraud in connection with his representation of her in a civil suit against her employer. After a bench trial, the trial court awarded damages to Coffman and issued findings of fact and conclusions of law in support of its judgment. In three issues, Morris contends that Coffman's suit was barred by limitations, Coffman failed to offer any admissible evidence to support her claim for fraud, and that the trial court erred by granting a new trial to Coffman after initially granting Morris's motion for summary judgment. Morris also asserted in his reply to Coffman's brief that the trial court lacked jurisdiction over this suit. In her own appeal, Coffman contends that evidence is insufficient to support the award of $6,396.91, because the evidence conclusively proves damages in the amount of $15,997.27. We affirm.

## Background

Coffman was terminated by her employer, the United States Postal Service, in 2001. She filed suit pro se in federal court, alleging wrongful termination. Coffman later retained Morris to represent her. It is undisputed that Morris and

2

Coffman agreed that Morris would be compensated through a contingent fee in an amount equal to forty percent of Coffman's recovery.

In late 2001, Morris negotiated a settlement that included a cash payment of $47,500 and re-employment. For the purpose of calculating Morris's fee, only the cash payment was considered part of Coffman's recovery. Accordingly, Morris received $19,000 and Coffman received $28,500. The entire $47,500 was reported to the Internal Revenue Service as income for Coffman. She, however, did not pay taxes on any portion of the settlement. Some time later, the IRS charged Coffman for unpaid taxes on the full amount of $47,500.00, or $15,992.27.

In January 2007, Coffman sued Morris, asserting violations of the DTPA, fraud, fraudulent inducement, breach of warranty, and breach of fiduciary duty. The primary factual basis of Coffman's suit was her allegation that Morris told her that no tax would be due on the settlement, but, if there was, he would be responsible for taking care of the tax. Morris defended, in part, on the grounds that limitations had run on Coffman's claims before she filed suit.

After a bench trial, the trial court rendered judgment for Coffman in the amount of $6,396.91 and issued findings of fact and conclusions of law. Among the findings and conclusions most pertinent to this appeal were the following:

> • Plaintiff [Coffman] asked Defendant [Morris] multiple times when entering the final settlement agreement in 2001 whether Plaintiff had to pay taxes on the settlement. Defendant told Plaintiff that she did

3

not have to pay taxes because the payment was in the nature of a settlement, which carried no tax liability.

• The Court finds that there is no evidence that Plaintiff knew or should have known of her tax liability for the settlement amount prior to the IRS's proposed change to her 2001 Income Tax Return in June 2003. Regarding Defendant's limitations defense, Defendant put on no evidence at trial demonstrating that Plaintiff knew or should have known about her tax liability before that time (if he did, then such evidence amounted to legally insufficient evidence).

• However, Plaintiff produced no evidence at trial that she suffered an injury as a result of the misrepresentation. There is no evidence demonstrating Plaintiff's damages. There is no evidence that Plaintiff would have received more had she not entered into the Agreement. No evidence was produced at trial that Plaintiff would have recovered more value or money had she gone to trial for the underlying employment dispute. There is no evidence of what Plaintiff would have done differently had she known the truth, or what different result would have occurred. Moreover, neither Defendant nor his false statement caused Plaintiff's tax liability—the United States Tax Code caused Plaintiff's liability. There is no "but-for" causation regarding Defendant's false statement and the taxability of the settlement, or any other damages— that is, if Defendant had not made his representation of no tax liability, Plaintiff's settlement would still have been taxable. The Court, therefore, concludes that Plaintiff is not entitled to actual damages for her fraud claim.

The trial court nevertheless found that Morris breached his fiduciary duty to Coffman and should disgorge his attorney's fees in the amount of $6,396.91, which was the tax payable on his forty percent of the $47,500.

**Jurisdiction**

In his reply to Coffman's appellant's brief and in his motion for en banc reconsideration, Morris contends that the trial court lacked jurisdiction. Morris

4

asserts that Coffman's suit was an attempt "to set aside a federal court's judgment" and argues that suit is therefore barred by the Full Faith and Credit Clause of the United States Constitution. *See* U.S. CONST. art. IV, § 1.

First, we note that Morris has cited no authority for the proposition that a prior federal judgment is a *jurisdictional* bar to bringing a suit. A prior judgment entitled to full faith and credit may raise other problems with maintaining the suit—for example, res judicata. Res judicata, however, is not a jurisdictional bar. *Williams v. Houston Firemen's Relief & Ret. Fund*, 121 S.W.3d 415, 437 n.21 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("[R]es judicata is an affirmative defense on the merits, not a jurisdictional bar."); *see also Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) ("We observe that a plea of res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar.").

Second, Coffman's petition, Morris's answer, the trial court's findings of fact and conclusions of law, the trial court's judgment, and the parties' briefing to this court uniformly indicate that Coffman was suing based on an agreement between herself and Morris, Morris's misrepresentations, and Morris's breach of fiduciary duty. That is, nothing in the record indicates Coffman was attempting to set aside a federal court judgment. In fact, there is no federal court judgment in the record. With his motion for en banc reconsideration, Morris provided a copy of

5

Coffman's affidavit, which had been submitted in the trial court.[1]  Attached to that affidavit is the settlement agreement that ended the federal court litigation, signed by Coffman, her counsel Morris, and the U.S. Attorney representing the U.S Postal Service.  The settlement agreement is not a judgment.  It is not signed by the federal judge nor does the plain language reflect that it is anything other than a settlement agreement.  Because neither the law nor the evidence supports Morris's jurisdictional argument, we hold that the trial court did not lack jurisdiction.

We overrule Morris's jurisdictional argument.

**Statute of Limitations**

In his first issue, Morris contends that Coffman's claims are all barred by the statute of limitations.  Specifically, he asserts that Coffman should have known that she was responsible for paying income tax on the settlement no later than April 15, 2002, when the IRS seized her refund for past due taxes on the settlement proceeds.  Coffman, however, did not file her suit until January 31, 2007, which, Morris argues, is beyond the limitations period.

The trial court made specific findings of fact and conclusions of law concerning limitations and the applicability of the "discovery rule."  It found there

---

[1]  We note that, although this submission was not part of the appellate record, we may consider it for the purposes of determining this court's jurisdiction.  *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction.").

6

was no evidence that Coffman "knew or should have known of her tax liability for the settlement amount prior to the IRS's proposed change to her 2001 Income Tax Return in June 2003." In this appeal, Morris contends that the evidence shows Coffman knew or should have known that her taxes were due no later than April 15, 2002. However, Morris has not supplied this court with a reporter's record to review the evidence.

An appellant bears the burden to bring forward a record from the trial court that enables this court to determine whether appellant's complaints constitute reversible error. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (stating that burden is on appellant to present sufficient record to show error requiring reversal); *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 781 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). If the appellant fails to bring forward a complete record, the court will presume the missing part of the record supports the trial court's judgment. *Mallios*, 237 S.W.3d at 781 (citing *Barrios*, 156 S.W.3d at 550). Because Morris has not brought forward an evidentiary record[2] from which this court could review the trial court's findings and

_____

[2] On April 24, 2012, this court issued an order setting forth the more than three-year history of this appeal, including the fact that Morris was informed as early as June 12, 2009, that no reporter's record had been requested or paid for. In the April 24th order, this court specifically informed the parties, "The record reflects that no party has ever paid for or made arrangements to pay for the reporter's record.

7

conclusions concerning limitations and the discovery rule, we must presume the missing portions of the record support the trial court's judgment. *See Barrios*, 156 S.W.3d at 550; *Mallios*, 237 S.W.3d at 781.

We overrule Morris's first issue.

## Sufficiency of the Evidence

In his second issue, Morris asserts there was no evidence to support the judgment because Coffman did not prove one or more of the elements of each of her causes of action. As discussed above, Morris has not presented this court with the reporter's record. We therefore must presume that the missing portions of the record support the trial court's judgment. *See Barrios*, 156 S.W.3d at 550; *Mallios*, 237 S.W.3d at 781.

We overrule Morris's second issue.

## Granting Motion for New Trial

In his third issue, Morris contends that the trial court "abused it's [sic] authority in re-opening the case" after it had already granted Morris's motion for summary judgment. The Texas Supreme Court has held that, except in two limited

---

Therefore, the Court will consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX R. APP. P. 37(c)." Morris has contended that the record was to be provided to him free of all costs, per the court's finding of indigence. However, as set forth in this court's April 24th order, the trial court sustained the contest to Morris's affidavit of indigency that was filed by the court reporter but overruled the contest that was filed by the district clerk. Therefore, while Morris was entitled to a free clerk's record, he was responsible for paying for the reporter's record.

circumstances not applicable here, "an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (explaining that *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985), noted two instances when a Texas appellate court has overturned a trial court's grant of a new trial: (1) when the trial court's order was wholly void, and (2) where the trial court specified in the written order that the sole ground for granting the motion was that the jury's answers to special issues were irreconcilably conflicting). Here, there is no indication that the trial court's order was void and, because it was a summary judgment proceeding, there were no jury answers that could possibly conflict. *See id.* Therefore, the order granting a new trial was interlocutory and not reviewable on appeal. *See id.*

We overrule Morris's third issue.

## Coffman's Appeal

In a single issue, Coffman complains that the trial court erred by failing to award her $15,997.27 in attorney's fees because the evidence conclusively established that she was damaged in that amount. She also contends that the trial court's finding that there was no evidence of causation is in error. However, just as in Morris's appeal, Coffman's challenges to the evidence supporting the trial court's findings fail because she has not presented this court with the evidentiary

9

record.  In that circumstance, we must presume the reporter's record contains evidence that support's the trial court's judgment.  *See Mallios*, 237 S.W.3d at 781; *Barrios*, 156 S.W.3d at 550.

We overrule Coffman's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Higley, Sharp, and Huddle.